## THE PEOPLE *vs.* EDWARD JONES.

A person found drunk in the street is guilty of a misdemeanor under the statute of 1871, and a constable may, without process, arrest such person and confine him in jail until he can be taken before a magistrate.

A person who attempts to intimidate an officer by threats, and thereby to induce him to refrain from executing his official duty, is to be deemed guilty of opposing and resisting an officer, within the meaning of the statute.

*Allegan Circuit, August*, 1871.

The respondent in this case was charged with having resisted one Byron, a constable, while he was engaged in an effort to keep the peace in attempting to arrest and convey to jail one Brewster, for an alleged breach of the peace committed in the presence of the officer.

The evidence showed that Byron was an acting constable, and tended to show that Brewster was intoxicated in a public street in Allegan; that without any process Byron arrested him, and that while conveying him to jail he made an assault upon one Preston; that when the officer was near the jail with his prisoner, the respondent drew a revolver from his pocket and threatened to shoot the officer if he should imprison Brewster. Byron however lodged his prisoner in the jail and the revolver was not fired.

*A. H. Fenn, Prosecuting Attorney,* for the People.

*J. H. Stone* and *J. F. Alley,* for the Respondent

BROWN, J., instructed the jury that to warrant a conviction they must find

THE PEOPLE vs. EDWARD JONES.

1. That Byron was, at the time of the alleged offence, a constable of Allegan township.

2. That Byron was then engaged in an effort to maintain, preserve and keep the peace.

3. That while so engaged, the respondent either obstructed, resisted, opposed, assaulted, or beat or wounded him, Byron.

First then, have the People shown that Byron was a constable? This may be proved by evidence that he acted in that capacity. It is not necessary to show that he was actually elected.

2. Was Byron engaged in an effort to maintain, preserve and keep the peace? In determining this question it is important to determine whether there was any breach of the peace or effort to commit such breach. A breach of the peace is a violation of public order, the offence of disturbing the public peace. An act of public indecorum is also a breach of the peace. By an act of the Legislature of 1871, it is provided that "Any person who shall be drunk or intoxicated in any hotel, tavern, inn, saloon or place of public business, or in any assemblage of people collected together in any place for any purpose, or in any street, lane, alley, highway or railway car, by drinking intoxicating liquors, shall, on conviction thereof, be punished by a fine of five dollars and costs of prosecution, or be punished by imprisonment in the common jail of the county, not exceeding twenty days, or by both such fine and imprisonment in the discretion of the Court."

From this you will perceive that the being drunk or intoxicated, as set forth in the paragraph I have just quoted, is a misdemeanor. If then, you find from the evidence that Brewster was thus drunk or intoxicated in the public streets of this village, I charge you as a matter of law that he was guilty of a misdemeanor—of an act of public indecorum, and if he was so drunk and intoxicated in the presence of the officer, the officer had a right and it was his duty to arrest him, and to keep him so that he might have his body before a magistrate to answer for his offence. It is claimed by counsel for respondent that an officer who arrests a person guilty of a misdemeanor has no right to imprison the offender, but that he must forthwith take him before a magistrate. It is the duty of the officer making the arrest, to take the accused, in such case, before the magistrate without any unnecessary delay. But he may confine him in

3

a prison for a short time if the circumstances of the case require it. The very act of making an arrest, is, in contemplation of law an act of imprisonment, and so long as one person is forcibly under restraint by another he is in law, imprisoned. In short, imprisonment is the restraint of a person against his will. The law requires an officer to keep an offender until he can be examined, and I charge you that if a party is found violating the law in the night time after the usual hour for transacting business or of holding court, it is the duty of the arresting officer to lock up his prisoner until the next day. There is no law requiring him to sit up and watch the offender if he can secure him by bars and bolts. And I charge you that if you find that Brewster was guilty as claimed, at between ten and twelve o'clock at night, it was the duty of the officer to keep him until the next morning, and that he had a right to keep him in the jail of the county, and that no man had a right to oppose him in the discharge of his duty.

I question very much whether even in the day-time it is the duty of an officer to take a drunken man *immediately* before a magistrate. To try a man for a misdemeanor or breach of the peace while he is intoxicated, would be a mockery of justice—would be taking undue advantage of a man who has deprived himself, temporarily, of the power of exercising reason. It would appear more sensible that the officer detain him until he becomes sober, so that he may answer like a man possessed of intellect, rather than like a fool.

It is claimed, on the part of the prosecution, that Brewster while in the custody of the officer, assaulted and beat one Preston. If you believe this testimony, then clearly he, Brewster, was guilty of a misdemeanor—was clearly guilty of a breach of the peace, and even though the original arrest had been unwarranted it furnished no justification for an assault upon Preston; hence, the continued custody of Brewster by the officer would, in law, be justified, and not only justified but demanded by the law.

3. Did the respondent obstruct, resist, oppose, or assault, or beat or wound Byron while in the discharge of his official duty?— If he did all or either of these he is guilty. I do not think a threat to an officer unless it has the effect to hinder, impede or embarass the officer in some way, can be said to amount to an obstruction. But I have no doubt but that the drawing of a revolver upon

an officer while attempting to execute his duty in preserving the peace, accompanying the act with the threat that the person drawing the weapon will shoot the officer if he proceeds further, amounts to resistance and opposition in contemplation of law. If therefore you find from the evidence that Byron was endeavoring to keep the peace by resort to such measures as the Court has advised you he had a right to, and if you find that the respondent there threatened him with bodily harm; if he strove against the officer; if he endeavored by intimidation to induce the officer to abandon his purpose to keep the peace, and to refrain from his efforts to execute and discharge his official duty, he would be guilty, and this, even though he had no intention to shoot the officer or to do him other bodily harm. The crime consists in thwarting or in efforts to thwart, contravene or defeat the execution of the law against offenders.